UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MICHAEL R. ZOMBER,   )<br>   )<br>   Petitioner,   )<br>   )<br>V.   )<br>   )<br>D.L. STINE, WARDEN,   )<br>   )<br>   Respondent.   ) | Civil Action No. 7: 07-402-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court for screening of Petitioner Michael R. Zomber's ("Zomber") *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002). Zomber is currently incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary") and has paid the $5.00 filing fee. As Zomber is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition or make such disposition as law and justice require if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      Factual Background**

On December 16, 2003, Zomber was convicted by a jury of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 through a scheme to sell antique firearms at inflated prices. Following a number of post-trial motions, on January 23, 2006, he was sentenced to a thirty-month term of incarceration to be followed by a three-year term of supervised release. His direct appeal remains pending before the United States Court of Appeals for the Third Circuit. *See United States v. Zomber*, 03-CR-46, Eastern District of Pennsylvania, Record Nos. 26-31, 125-26, 168.

On October 21, 2007, after eighteen months of service of his term of incarceration with a clear conduct record, Zomber filed a Form BP-229 with the warden, in which he requested a Code 313 transfer to the satellite camp at FCI-La Tuna near El Paso, Texas, because his wife and daughter had recently relocated to Albuquerque, New Mexico. In his November 2, 2007, response, the warden noted that, in light of his family's relocation, Zomber's release destination had already been changed in July 2007 from Tennessee to New Mexico. Similarly, his supervision location was revised to New Mexico in September 2007. Finally, because Zomber was due to be transferred to a Residential Re-Entry Center ("RRC"), a facility operated by Dismas Charities in Albuquerque, New Mexico, on January 29, 2008, the warden denied the request because a transfer to a different Bureau of Prisons ("BOP") facility within 90 days of his release to a RRC would not be feasible.

Zomber appealed that denial by filing a Form BP-231 with the Mid-Atlantic Regional Office ("MARO") on November 8, 2007, requesting reconsideration of his request for a transfer

to FCI-La Tuna or, in the alternative, immediate transfer to his designated RRC. On the same day, Zomber filed a new grievance with the warden in which he requested placement in a RRC "beyond the 10 percent of my 'good time' adjusted sentence," citing unnamed authority from the Third and Tenth Circuits which "challeng[es] the new restrictions on halfway house placement." On December 27, 2007, the warden denied Zomber's second grievance because several factors were considered in determining the amount of time to be served in a RRC, including the length of his sentence, the amount of time currently scheduled to be served in a RRC, and because Zomber had already been approved for a "Social Furlough" permitting him to gain employment after release from confinement.

On November 26, 2007, while his appeal remained pending before MARO, Zomber filed the petition currently pending before this Court. Through his petition, Zomber seeks to challenge the BOP's policy of not releasing inmates to a RRC until the last 10% of their sentence, less good conduct time credits, under Program Statement 7310.04.

**II.     Discussion**

    **A.     Zomber's Claim is Moot.**

A review of the BOP's Inmate Locator database indicates that as of the date of this writing, Zomber is assigned to El Paso CCM, the BOP's office located in Anthony, Texas, with administrative oversight of RRCs in the vicinity, presumably including Dismas Charities' facility in Albuquerque, New Mexico. Zomber's projected release date is April 13, 2008. It appears that, consistent with the BOP's statements in its responses to his grievances, Zomber was released to a RRC on January 29, 2008.

The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and also falls outside the exception to mootness for cases "capable of repetition, yet evading review." *Brock v. United States Dept. of Justice*, 2007 WL 4163854, at *2 n.3 (6th Cir. 2007). Accordingly, Zomber's release to a RRC during the pendency of this proceeding renders his claim moot.

### B. Zomber Has Failed to Exhaust Administrative Remedies.

A federal prisoner must exhaust administrative his remedies before filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Cruz v. Beto*, 405 U.S. 319 (1972). The administrative remedy process for federal prisoners includes four steps: (1) a request for informal resolution with unit staff; (2) a formal grievance filed with the warden; (2) an appeal to the appropriate regional office; and (4) an appeal to the Central Office. *See* 28 C.F.R. § 542.10 *et seq*.

As noted above, the administrative grievance initially filed by Zomber sought transfer to a federal correctional institution in Texas – it did not seek earlier placement in a RRC. That possibility was only sought by Zomber as an alternative form of relief in his appeal to MARO filed on November 8, 2007. On the same day, Zomber did challenge the BOP's "10% Rule" in a new grievance filed with the warden. The warden did not deny that grievance until December 27, 2007, approximately one month after Zomber filed his petition in this matter. There is no evidence that Zomber pursued an appeal of that denial to MARO or the BOP's Central Office. Therefore, as of the date Zomber filed his petition in this matter, the claims he asserted therein

were not administratively exhausted. Accordingly, Zomber has failed to exhaust administrative remedies. *Urbina*, 270 F.3d at 295.

### C. Zomber's Claim Fails on the Merits.

Even had Zomber properly pursued and exhausted his administrative remedies with respect to his claim regarding the validity of the BOP's "10% Rule," his petition would be denied on the merits. Zomber appears to rely upon *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245-49 (3rd Cir. 2005), and *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), in support of his position. These decisions held that the BOP's "10% Rule" set forth in Program Statement 7310.04 and 28 C.F.R. § 570.20-.21, is contrary to the unambiguous command of 18 U.S.C. § 3621(b), which sets forth certain factors which must be considered when making placement and transfer decisions. The Second and Eighth Circuits have reached the same result in *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006), and *Levine v. Apker*, 455 F.3d 71, 76, 87 (2nd Cir. 2006). The First Circuit, however, reached the opposite result in *Muniz v. Sabol*, 2008 WL 497056 (1st Cir., February 26, 2008). The Sixth Circuit has not yet rendered a decision regarding the validity of the regulations.

*Woodall* and *Wedelstedt* do not assist Zomber for two reasons. First, Zomber did not request consideration for RRC placement at any earlier point in time than the last 10% of his sentence until his November 8, 2007, grievance to the warden. While the warden denied that request, he did not do so "categorically," but instead stated that his request had been reviewed but that, in light of the length of his sentence, the amount of time currently scheduled to be served in a RRC, and Zomber's approval for a "Social Furlough" permitting him to gain

5

employment after release from confinement, a longer period in a RRC was not necessary to assist his successful re-entry into free society. The warden's recitation of these factors indicate that the BOP gave consideration to the factors described in Section 3621(b) in reviewing Zomber's request. *Woodall* does not require more. The Third Circuit was careful to stress in its decision that its invalidation of the BOP's categorical exercise of its discretion did not mean that a prisoner was *necessarily* entitled to any particular amount of time in a RRC, but only that the BOP was required to give each prisoner an individualized, good faith determination with regard to such placement, without any weight being given to the invalidated BOP regulations. *Woodall*, 432 F.3d at 251. The BOP clearly afforded Zomber such consideration here.

Second, this Court has recently rejected the *Woodall* court's analysis of the BOP's regulations under Section 3621(b) and 3624(c) with respect to RRC placements. *Medcalf v. Dewalt*, E.D. Ky., No., 5: 07-193 [Record No. 9 therein]. Of significance here, in *Medcalf* the Court held that Section 3624(c) limits RRC placements to the lesser of six months or the last 10% of a prisoner's sentence where the purpose of the RRC placement is to "afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c). The grievances filed by Zomber indicate that he sought earlier RRC placement, at least in substantial part, for the purpose of such transitional assistance. However, Zomber's grievances also indicate a desire to be closer to his family to assist his 7-year old daughter, whom Zomber describes as having "documented behavioral problems." Had the BOP categorically rejected his request for earlier RRC placement as prohibited by Section 3624(c) and as interpreted in 28 C.F.R. § 570.20-.21, the Court would then have to determine the appropriate

treatment of a request for earlier RRC placement for two purposes, one governed by the express limitations of Section 3624(c) and the other governed only by the more general language of Section 3621(b). The Court need not reach this question in the present case, however, for the reasons outlined above.

### III. Conclusion

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Michael R. Zomber's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 11th day of April, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge